FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2021

SEAN F. McAVOY, CLERK

*AUSA Assigned: MJE*

*County of Investigation: Spokane*

*In Re: Affidavit in Support of Complaint charging William Martin SHAWL with Escape in violation of Title 18, United States Code, Sections 751(a) and 4082(a)*

| | |
|---|---|
| STATE OF WASHINGTON | ) |
| | :ss |
| County of Spokane | ) |

I, David Brod, being first duly sworn on oath, deposes and states as follows:

## I. INTRODUCTION

1. I am employed as a Deputy United States Marshal with the United States Department of Justice, United States Marshals Service, currently assigned to the United States Marshals Service in Spokane, Washington. I have served as a Deputy United States Marshal in the Eastern District of Washington since 2010.

2. I am authorized to make arrests and conduct investigations of suspected violations of federal law. My regular duties as a Deputy United States Marshal include, among other tasks, the investigation of all violations of federal law and related criminal activities, including but not limited to, offenses contained within Title 18 of the United States Code. I additionally assist with the movement of prisoners, serve court-ordered summons and

Affidavit of David Brod - 1

arrest warrants, and frequently investigation and apprehend federal and state fugitives.

3. Prior to my appointment as a Deputy United States Marshal, I was an employee of The Boeing Company as a security officer.

4. Based upon my training and experience, I am aware that Title 18, United States Code, Section 751(a) makes it unlawful for any person to escape, or attempt to escape, "from the custody of the Attorney General . . . if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense . . . ." Further, I am aware that, per Title 18, United States Code, Section 4082(a), "[t]he willful failure of a prisoner to remain within the extended limits of his confinement, or to return within the time prescribed to an institution or facilities designated by the Attorney General, shall be deemed an escape from the custody of the Attorney General."

## II. PURPOSE OF AFFIDAVIT

5. This affidavit is being submitted in support of a criminal complaint charging William Martin SHAWL with Escape, in violation of Title 18, United States Code, Sections 751(a) and 4082(a).

6. I am familiar with the facts as set forth herein. This affidavit does not contain all of the information known to me or to law enforcement

regarding this investigation, but rather contains only those facts believed to be necessary to support the criminal complaint. I have personally participated in this investigation and the following information is derived from my personal observations, review of official court documents, and information provided by other sworn law enforcement officers and community corrections personnel.

### III.  STATEMENT OF PROBABLE CAUSE

7. According to a Judgment, filed November 14, 2018, in the United States District Court, Eastern District of Washington (*see* Case No. 2:18-CR-00062-WFN-1), on November 13, 2018, William Martin SHAWL was sentenced to 36 months incarceration with the Bureau of Prisons, to be followed by 3 years of Supervised Release, subsequent to a conviction for a charge of Escape from Custody, in violation of Title 18, United States Code, Sections 751(a) and 4082(a).

8. On February 16, 2021, the Bureau of Prisons issued an escape notice which was forwarded to me by my supervisor Jerome Brown. SHAWL was furloughed and to travel to the Spokane Residential Re-Entry Center located at 3614 E. Ferry Avenue, Spokane, Washington, 99202. SHAWL remained in the legal custody of the United States Attorney General while on furlough traveling to Spokane, Washington. These documents show

Affidavit of David Brod - 3

that, on January 4, 2021, SHAWL signed a Conditions of Furlough form, thus agreeing that he understood the conditions for which he may be placed on escape/abscond status and a warrant issued for his arrest.

9. According to the above documentation, SHAWL was to depart USP Terre Haute in Indiana on February 10, 2021, and arrive at the Spokane Residential Re-Entry Center by no later than 11:45 a.m. on February 12, 2021.

10. SHAWL did depart on furlough from USP Terre Haute on February 10, 2021.

11. According to a Notice of Escaped Federal Prisoner and Carlos Soloraza, the Director of the Spokane Residential Re-Entry Center, on February 16th, 2021, SHAWL had not reported to the Re-Entry Center as required by 11:45 a.m. on February 12, 2021.

12. On February 22th, 2021, I interviewed Director Carlos Soloraza who confirmed that (1) SHAWL had not reported to the Spokane Residential Re-Entry Center as of February 22, 2021, and (2) SHAWL's current whereabouts are unknown.

### IV. CONCLUSION

13. Based on the foregoing facts, I believe probable cause exists for the issuance of a Criminal Complaint charging William Martin SHAWL with

Affidavit of David Brod - 4

Escape, in violation of Title 18, United States Code, Sections 751(a) and 4082(a).

_____
David Brod, Deputy Marshal
United States Marshals Service

Sworn to telephonically and signed electronically
 SUBSCRIBED AND SWORN to before me this 24th day of February, 2021.

_____
John T. Rodgers
United States Magistrate Judge



Affidavit of David Brod - 5